# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## MARKUS JOHNSON v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY.[1]

December 18, 1914.

Nos. 18,880—(117.)

**Insurance.**

      In an action upon a hail-insurance policy, the record is examined and *held* to present no reversible error.

Action in the district court for Swift county to recover $345 upon defendant's policy insuring plaintiff's crops from hail storms. The case was tried before Qvale, J., who directed a verdict in favor of plaintiff and a jury which fixed the amount at $251.12. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*William N. M. Crawford,* for appellant.
*E. L. Thornton,* for respondent.

BROWN, C. J.
Defendant, a mutual Farmers Insurance Co., issued to plaintiff a policy insuring plaintiff's grain against injury or damage from hail.

[1] Reported in 150 N. W. 174.
    128 M.—1.

The crops so insured were damaged by a hail storm, and this action was brought to recover the loss. Plaintiff had a verdict, upon which judgment was rendered, and defendant appealed.

The defense to the action was that the loss suffered by plaintiff had been adjusted and that defendant agreed to pay therefor and plaintiff agreed to accept in full settlement the sum of $50, or such lesser amount as defendant's executive board might determine was plaintiff's share of the year's assessment. The settlement was in writing signed by both parties, and on its face sustains the defense. Plaintiff replied that the alleged settlement was never entered into by him and that the document evidencing the same was procured by fraud and fraudulent representations. Whether this settlement was procured by fraud was the principal issue on the trial. The jury found for plaintiff and, under the instructions of the court, necessarily that no contract of settlement was ever entered into by the parties; and that the writing was procured by fraud.

It is contended, under the various assignments of error: (1) That the evidence does not support the verdict; (2) that the court erred in its rulings on the admission and exclusion of evidence, and (3) that there was prejudicial error in the charge of the court.

These contentions do not require extended discussion. We have examined the record carefully and discover no reason for disturbing the verdict. The evidence is amply sufficient to support the conclusion that the adjustment of the loss was procured by fraud, and there were no errors of a character to justify a new trial in the rulings of the court upon the admission or exclusion of evidence. It would serve no useful purpose to discuss the evidence or the rulings referred to, and we refrain. It is sufficient that we have fully examined the record with the result stated. Nor did the court err to the prejudice of defendant in its instructions. Defendant, as already stated, insisted in defense to the action that the loss had been adjusted at the sum of $50. The court charged the jury that plaintiff was entitled to recover at least that amount, and such further amount as the evidence justified if they found that the settlement was fraudulently obtained. The charge was clearly right. The court also instructed the jury that if the settlement was fraudu-

lent, and they so found, that plaintiff was entitled to recover what would fairly cover his loss. The court might well have added to this a reference to the terms of the policy, to the end that the jury would definitely be informed that the amounts stipulated in the policy could not be exceeded. The crops insured consisted of 35 acres of wheat and 35 acres of barley, and, as we understand from defendant's brief (the policy is not a part of the record in this court), were insured at the rate of $10 per acre for a total, $5 for a one-half, and $2.50 for one-fourth loss, as to one of the crops, and the same relative ratio for the other crop, with $7 per acre as the maximum. Defendant presented no requests for instructions upon this feature of the case, though exception was taken to the failure to instruct that plaintiff's loss was to be determined on a percentage basis. The failure of the court to go more fully into this subject, if error at all, was clearly without prejudice. There was evidence that each crop was injured and damaged to the extent of one-half, and the verdict rendered is well within the limits fixed by the contract, even from defendant's percentage viewpoint. The verdict was for $251.12. The assignments covering this feature of the case present no reason for a reversal. There was no competent evidence of an assessment by the company against defendant, and the counterclaim or defense based thereon was properly excluded from consideration, as well as the evidence complained of by assignment of error number two.

Judgment affirmed.